CRAIG, Plaintiff in error, v. STATE, Defendant in error.

*No. State 123. Argued June 8, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 609.)

For the plaintiff in error there was a brief and oral argument by *Stewart G. Honeck* of Milwaukee.

For the defendant in error the cause was argued by *Richard J. Boyd,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J.   The offenses arise out of the armed robbery of a supermarket and two of its patrons. The defendant and two accomplices, all armed, were ar-

rested at the scene. Each was represented by separate counsel.

October 14, 1970, defendant filed a petition for a writ of habeas corpus with the trial court. Counsel was appointed for the defendant and briefs were filed with the court. The trial court made extensive findings and dismissed the petition for habeas corpus for lack of jurisdiction, and considered the petition as a postconviction motion pursuant to sec. 974.06, Stats. The petition, thus considered, was denied on its merits.[1] No writ of error was issued to review the order denying the postconviction for relief. However, since the principal issue on review of the judgment of conviction and denial of postconvictions is identical, and it has been briefed and argued by counsel on appeal in both contexts, we exercise our discretion and review the merits of both the judgment and order.

The issue here presented concerns the manner in which statute numbers were used to identify the offenses charged. The complaints and the information allege in clear, simple and positive language, all the elements of the charge of armed robbery. The complaints recited, *inter alia,* that the defendant ". . . was then and there armed with a shotgun, all contrary to Section 943.32 of the Wisconsin Statutes . . . ."[2] At the preliminary hear-

---

[1] We would observe that the trial court properly considered the petition to be a motion for postconviction relief pursuant to sec. 974.06, Stats. *Peterson v. State* (1972), 54 Wis. 2d 370, 380–383, 195 N. W. 2d 837.

[2] "943.32 **Robbery.** (1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means may be imprisoned not more than 10 years:

"(a) . . .

"(b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

"(2) Whoever violates sub. (1) while armed with a dangerous weapon may be imprisoned not more than 30 years."

ing, defense counsel moved that the complaints be made more definite as to the specific statutory subsections involved. Whereupon, the district attorney stated, ". . . the defendants are all charged with violating subsection (1) (b) of Section 943.32 and while armed with a dangerous weapon as referred to in subsection two of that section."

The information filed in the trial court charged the defendant with three counts of armed robbery. Following a recital of the facts surrounding the charge, the information alleged that the acts were performed while the defendant ". . . was then and there armed with a dangerous weapon, to wit: a shotgun, all contrary to Sections 939.05 and 943.32 (1) (b) of the Wisconsin Statutes . . . ." The information was read to the defendant and he entered pleas of not guilty. Motions for consolidation and for change of venue because of community prejudice were granted by the court and the matter was scheduled for trial, at which time the defendant pled guilty to all three counts.

In his postconviction motions, the defendant asserts excessive sentences were imposed because the information contained the statutory number 943.32 (1) (b), and, therefore, at the time he entered his plea of guilty he believed the maximum sentence that could be imposed on each count was ten years. This assertion is absolutely contrary to the record. The defendant was at all times represented by competent counsel, and his pleas of guilty were accepted by the trial court only after all of the guidelines of *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713, were explicitly met. On several occasions, the defendant was interrogated by both the trial court and his counsel as to his understanding of the nature of the offenses and the possible maximum penalty that could be imposed. Each time he expressed a positive understanding that the maximum

sentence that could be imposed for each offense was thirty years. In fact, before the defendant's pleas of guilty were accepted, the court inquired of the defendant as to whether he understood that the court could impose consecutive sentences totaling ninety years. Defendant responded in the affirmative to this inquiry.

After examining the unusually complete and thorough record made in this case, we conclude that the failure to correctly cite the specific statutory subsection in the information and subsequently issued certificate of conviction is a technical defect governed by the provision of sec. 955.14, Stats. 1967 (now sec. 971.26), which provided:

". . . No indictment, information or complaint shall be invalid nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which does not tend to the prejudice of the defendant."

While the specific statutory subsection should have been cited in the information and certificate of conviction, no prejudice can be claimed, in view of the statements made by defendant on the record. Furthermore, no objection was interposed to the information. *See* sec. 955.09 (3), Stats. 1967 (presently sec. 971.31 (2)).

Defendant also argues that the trial court should have granted a hearing on his postconviction petition. However, in view of the fact that the record conclusively demonstrates that defendant was entitled to no relief, such a hearing would not be warranted. *See: Nelson v. State* (1972), 54 Wis. 2d 489, 195 N. W. 2d 629.

*By the Court.*—Judgment and order affirmed and cause remanded to the trial court with directions to amend the certificate of conviction to recite "sec. 943.32 (1) (b) and (2), Stats."