COURT OF APPEALS
DECISION
DATED AND FILED

May 24, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1049-CR**

Cir. Ct. No. **2018CF1011**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TORRENCE C. SMOTHERS,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Racine County: FAYE M. FLANCHER, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. Rule 809.23(3).**

¶1 PER CURIAM. Torrence C. Smothers appeals from a judgment of conviction and an order denying his motion for postconviction relief. He contends that his conviction under the human trafficking statute, WIS. STAT. § 940.302 (2021-22),[1] should be overturned because the complaint did not cite the same subsection of the statute as that under which he was tried. The State contends that Smothers forfeited this argument and that the discrepancy was a harmless, technical charging error. We affirm.

¶2 The criminal complaint at issue alleged that Smothers "did knowingly engage in human trafficking where the trafficking is for the purposes of a commercial sex act involving the victim, A.M.K., and the trafficking is done by the defendant knowingly receiving the earnings of acts of prostitution by A.M.K." The complaint was based on statements of A.M.K., who stated, among other things, that she had been prostituting before she had a relationship with Smothers, but that after their relationship began in October 2017, "she had given all her proceeds/earnings to Torrence Smothers who she says acted as her pimp." A.M.K. stated "that she would earn around $1,500 a night and that she would turn all the money over to Smothers." Smothers paid for her expenses out of the money that she earned. She described how Smothers directed and managed her work as a prostitute. Smothers forced her to book more clients and raise her rates. Smothers managed her appointments and often drove her to and from "outcalls." Smothers also abused A.M.K. and "tied her up more than once." The Information set forth the same charge as the complaint.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶3 As relevant here, the human trafficking statute proscribes three main categories of conduct: (a) engaging in trafficking; (b) benefiting from trafficking; and (c) "knowingly receiv[ing] compensation from the earnings of … a prostitute." WIS. STAT. § 940.302(2)(a)-(c). Smothers contends that his conviction should be overturned because the complaint alleged that he violated § 940.302(2)(a), a Class D felony, but not § 940.302(2)(c), a Class F felony. We reject Smothers's challenge because the failure to cite para. (2)(c) was harmless given that the complaint identified the conduct proscribed by para. (2)(c)—knowingly receiving compensation from a prostitute's earnings—and Smothers has not shown that he was prejudiced by the error.

¶4 In its opening statement, the State identified the two elements for a conviction under WIS. STAT. § 940.302(2)(c). Smothers's counsel did not object or inform the jury that Smothers was actually being tried under § 940.302(2)(a); instead, in his opening, he confirmed that he "anticipate[d]" A.M.K.'s testimony would track the elements of para. (2)(c).

¶5 Consistent with the allegations in the complaint, A.M.K. testified at trial about Smothers's management and direction of her work as a prostitute and explained the various ways in which Smothers knowingly received compensation from her earnings. She testified that she would give all of the money earned from prostitution to Smothers, who would pay for her expenses.

¶6 At the close of testimony, the parties agreed on the jury instructions and the jury was instructed on the elements under WIS. STAT. § 940.302(2)(c). Specifically, the instruction explained that "[h]uman trafficking, as defined in § 940.302(2)(c) of the Criminal Code of Wisconsin, is committed by one who knowingly receives compensation from the earnings of debt bondage, a prostitute,

3

or a commercial sex act." The jury was instructed on the two elements that the State had to prove: (1) "[t]he defendant received compensation from the earnings of a prostitute"; and (2) "[t]he defendant received that compensation knowingly."

¶7 While the jury deliberated, the trial court addressed Smothers's motion for a directed verdict. Smothers's counsel did not articulate any grounds for the motion, saying that he had "no argument" to make in support of it. The court denied the motion. The jury found Smothers guilty of the count submitted in the Information, and the trial court sentenced Smothers for a violation of WIS. STAT. § 940.302(2)(a).

¶8 Smothers brought a postconviction challenge arguing that his conviction should be overturned because the evidence was not sufficient to establish a violation of WIS. STAT. § 940.302(2)(a) or, in the alternative, that he should be resentenced under § 940.302(2)(c). He contended that the trial court erred in denying his motion for a directed verdict, despite the fact that the charging error was never raised prior to his conviction—either at the outset, during the jury-instruction conference, or in his motion for a directed verdict. The State argued that the correct charging conduct was identified in the complaint, the case was tried under the correct subsection, and the jury was correctly instructed and found Smothers guilty on the ground that he knowingly received compensation from the earnings of A.M.K. The court agreed to resentence Smothers but rejected his request to overturn his conviction. The court corrected Smothers's judgment of conviction to identify § 940.302(2)(c) as the basis for the conviction and resentenced him under para. (2)(c). This cut the total length of Smothers's sentence in half, from twenty-five years to twelve years and five months. Smothers appeals from the corrected judgment of conviction and the order denying his postconviction motion.

4

¶9      Under WIS. STAT. § 971.26, "[n]o indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant." *See also* **State v. Wachsmuth**, 166 Wis. 2d 1014, 1026-27, 480 N.W.2d 842 (Ct. App. 1992).  Our supreme court has made clear that "the failure to correctly cite the specific statutory subsection in the information and subsequently issued certificate of conviction is a technical defect governed by [§ 971.26.]" **Craig v. State**, 55 Wis. 2d 489, 493, 198 N.W.2d 609 (1972) (construing identically worded predecessor to § 971.26); *see also* **Bethards v. State**, 45 Wis. 2d 606, 618, 173 N.W.2d 634 (1970).

¶10     Thus, to obtain relief, Smothers must show that he was prejudiced by the complaint's failure to cite WIS. STAT. § 940.302(2)(c).  In determining whether a defendant suffered prejudice, "[t]he key factor … is whether the defendant had notice of the nature and cause of the accusations against him." **State v. Flakes**, 140 Wis. 2d 411, 419, 410 N.W.2d 614 (Ct. App. 1987); *see also* **Wagner v. State**, 60 Wis. 2d 722, 728-29, 211 N.W.2d 449 (1973) (stating that if the charging document "verbally describe[s]" the offense but refers to the wrong statute, the defendant nevertheless knows the charge and is not prejudiced, and the error does not require reversal).  Here, although Smothers correctly notes that the complaint only cited § 940.302(2)(a), it alleged that he engaged in conduct that violated § 940.302(2)(c)—knowingly receiving compensation from the earnings of a prostitute.  *See Flakes*, 140 Wis. 2d at 419 ("The purpose of a charging document is to inform the defendant of the acts he allegedly committed and to allow him to understand the offense charged so that he can prepare a defense.").

¶11     Moreover, Smothers does not dispute that the testimony at trial, the arguments of counsel, and the jury instructions all described or were related to an

alleged violation of WIS. STAT. § 940.302(2)(c). *See **Wachsmuth***, 166 Wis. 2d at 1026-27 (holding that a technical charging error was harmless where the case was tried on the proper elements and the jury was properly instructed as to the elements of the offense). Indeed, Smothers specifically acknowledges that the State described the elements of a charge under § 940.302(2)(c) to the jury in its opening statement and at closing. He acknowledges that the parties agreed upon the jury instruction applicable to a para. (2)(c) violation and that the jury was instructed under the same. Smothers's counsel reminded the jury in closing argument that there had to be "compensation," not just marketing: "Compensation means you are being provided money for something that you have done, right?" Notably, Smothers does not argue that his defense strategy would have changed had the complaint cited para. (2)(c) or that the State gained some unfair advantage by proceeding under para. (2)(c). *See **Bethards***, 45 Wis. 2d at 618 (holding that lack of citation to statute in complaint was harmless error where "[t]he defendant knew what he was charged with and there is nothing in the record to indicate that had [the party-to-a-crime] statute been specifically referred to in the information, his trial strategy would have been any different").

¶12 Smothers also argues that the trial court erred in denying his motion for a directed verdict. He contends that the motion should have been granted because the evidence did not support a charge under WIS. STAT. § 940.302(2)(a). For the same reasons discussed above, we reject this challenge. Smothers was tried and convicted under § 940.302(2)(c), not § 940.302(2)(a). He does not argue that the allegations in the complaint were insufficient to support the charge of knowingly receiving compensation from the earnings of a prostitute or that the evidence at trial was insufficient to support his conviction under para. (2)(c). He

fails to develop any argument that the amended conviction did not conform to the evidence provided at trial.

¶13 In short, Smothers provides no reason to believe that any aspect of the prosecution of this case or its outcome would have changed had WIS. STAT. § 940.302(2)(c) been cited in the criminal complaint. Absent any showing of prejudice, Smothers is not entitled to relief because of the technical charging error. As noted above, the circuit court appropriately granted his motion for resentencing under subsec. (c) and thus resolved the error to Smothers's benefit.

¶14 For the foregoing reasons, we conclude that Smothers was properly charged, convicted, and sentenced for knowingly receiving compensation from the earnings of a prostitute, in violation of WIS. STAT. § 940.302(2)(c). Accordingly, we affirm.[2]

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[2] The State notes that Smothers failed to object to the charging error at any time prior to his conviction. (If Smothers's counsel noticed the error, the lack of objection likely was for good reason, given that a WIS. STAT. § 940.302(2)(a) violation brings with it substantially higher penalties and fines as a Class D felony.) Had Smothers objected, the charging error would have been remedied. Indeed, defects in charging documents are deemed waived unless raised before trial, presumably for that very reason. *See* WIS. STAT. § 971.31(2); ***Craig v. State,*** 55 Wis. 2d 489, 493, 198 N.W.2d 609 (1972). In any event, because the technical charging error is harmless, we need not address the State's forfeiture argument. *See **Sweet v. Berge,*** 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (noting that we need not address other issues when one is dispositive of the appeal).