ACKLEY, Respondent, vs. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

*September 11—October 9, 1956.*

For the appellant there was a brief by *Fugina, Kostner & Ward* of Arcadia, and oral argument by *LaVerne G. Kostner*.

For the respondent there was a brief by *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Thomas H. Skemp* and by *Roman W. Feltes* of Arcadia.

FAIRCHILD, C. J.   The instructions to the jury are of particular concern upon this appeal. The portions specifically challenged by appellant as erroneous bear a direct relation to the responsibility resting upon the driver of respondent's car. The appellant's driver was adjudged to have contributed the greater portion of the total negligence causing the collision. The jury, by the answers in the special verdict, found his proportion to be 80 per cent and respondent's 20 per cent. The evidence clearly shows that each driver, as he approached the point of collision, invaded the other's lane of travel. The appellant insists that the respondent's negligence equaled or exceeded Kaul's and objects to certain instructions referring to the responsibility resting upon a driver to keep from operating his car "on the left side of the highway upon any part of a grade . . . in the highway where the operator's view along said highway is obstructed for such a distance as to create a hazard in the event another vehicle might approach from the opposite direction." That, of course, is the law, and fixes the standard, but the court instructed the jury that a motorist may drive in the center of

the road providing he does not meet any oncoming vehicle, and in the event he does encounter a vehicle traveling in the opposite direction, he must seasonably turn to the right. The situation existing as described in the statement of facts is such as to preclude from consideration in this case the idea contained in that instruction. Each driver was moving up a different side of the hill which obstructed the view of each as to the other. Each did invade the left side of the road, and each was in such an unlawful position when the collision occurred. In the charge there was read to the jury the statute which each driver violated. However, the confusion resulting from a clearly erroneous instruction is not cured by injecting a proper rule, especially when not given in such a manner as could be expected to correct a mistaken impression. An erroneous instruction on a given subject is not cured by the fact that the law is correctly stated elsewhere, for it cannot be known whether the jury have been guided by the correct rule or by the erroneous one. At no time in the instructions given to the jury did the court specifically or necessarily withdraw or qualify the instruction in question; and it is the rule that this is reversible error. *Yerkes v. Northern Pacific R. Co.* 112 Wis. 184, 191, 88 N. W. 33. In *Schmidt v. State,* 124 Wis. 516, 519, 102 N. W. 1071, it was said: "An erroneous instruction is not cured, nor the presumption of prejudice therefrom overcome, by a correct statement of the law on the same subject elsewhere in the charge."

In addition to the errors just outlined, the jury was told that "If one suddenly finds himself in a place of danger and is required to act without time to consider the best means that may be adopted to avoid the impending danger, he is not chargeable with negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself has been brought about in whole or in part by his own negligence." It was erroneous to submit the case so as to

permit the jury to give the respondent the benefit of the emergency rule, because, upon the record before us, it appears that no emergency such as would excuse the respondent's act existed. His driving with his left wheels over the center of the road as he blindly ascended the hill placed him in a position which resulted in his contributing toward the result. One cannot deliberately proceed to a point of danger, and then act within the protection that a sudden emergency might otherwise give him. *Kaestner v. Milwaukee Automobile Ins. Co.* 254 Wis. 12, 35 N. W. (2d) 190. Respondent's testimony is: "When I reached the crest I saw a car coming up in my lane of travel. I honked my horn. It was an audible honk. I thought he would turn over and get back to his side of the road. I saw the direction he was looking. He was looking straight east. He never moved his head when I honked the horn. I continued to observe him as he came toward me. I stuck my brakes on as quick as I could." He further testified that "at the time of the impact my left front wheel was on the inside of his right front wheel."

The jury found that the respondent was causally negligent as to giving the driver of the Kaul car one half of the main portion of the highway and apportioned the negligence as described in the statement of facts. On motion after verdict the trial court sustained the findings of the jury and entered the judgment appealed from.

Reviewing the whole charge, it is considered that the challenged portions result in confusion and such a lack in certainty and completeness as to be misunderstood and therefore prejudicial and misleading because capable of conveying to the minds of the jurors that the respondent did not fail to comply with the law governing the management and control of his car while proceeding up the hill, over which he could not see. He reached the crest when he had placed himself in a position for which he was responsible. Because of the errors indicated, there must be a new trial.

As to the question raised by the appellant with relation to the presumption to be accorded to the deceased Kaul that he exercised due care in all respects, including lookout and management and control, there was evidence offered which the court properly ruled took the presumption out of the case.

The judgment entered by the trial court must be reversed.

*By the Court.*—Judgment reversed. Cause remanded with directions to vacate the judgment entered and to grant defendant's motion for a new trial.