Radunka RUNJO, Plaintiff-Appellant,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY and
Donald J. Chrzan, M.D., Defendants-Respondents.

Court of Appeals

*No. 94–2807. Submitted on briefs September 6,
1995.—Decided October 10, 1995.*

(Also reported in 541 N.W.2d 173.)

For the plaintiff-appellant the cause was submitted on the briefs of *Kenan J. Kersten* and *Leslie Van Buskirk* of *Kersten & McKinnon, S.C.* of Milwaukee.

For the defendants-respondents the cause was submitted on the briefs of *Michael J. Hogan* and *Stephen W. Pasholk* of *Hogan, Ritter, Minix & Comeau* of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

WEDEMEYER, P.J. Radunka Runjo appeals from a judgment dismissing her malpractice complaint against Donald J. Chrzan, M.D. and St. Paul Fire & Marine Insurance Company. Runjo claims that the verdict questions and jury instructions regarding damages were improperly formulated so as to be confusing and inconsistent. Because the directions contained in the verdict, when combined with certain jury instructions were confusing and inconsistent causing prejudice, we reverse and remand for a new trial.[1]

---

[1] Runjo also raises the following issues of error: (1) the evidence was insufficient to support the jury's verdict in regard to informed consent and negligence; (2) the trial court erroneously exercised its discretion in granting a motion *in limine* brought by the defense; and (3) the trial court erroneously exercised its discretion by failing to strike certain opinion testimony and subsequently failing to give the jury an instruction of admonition. Because of our disposition of this case, it is not necessary for us to address these additional claims of error. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

## I.  BACKGROUND

Runjo filed a medical malpractice action against Chrzan alleging both negligence and failure to obtain informed consent before performing elective facial plastic surgery to decrease the size of her nose. Runjo claims the surgery caused permanent injury and disfigurement. Runjo timely requested a verdict form wherein the jury was directed to answer the damage questions only if it answered "yes" either to the question inquiring whether negligence found by the jury was causal or to the question inquiring whether failure to obtain informed consent was causal.[2]

---

[2] Runjo's requested verdict provided:

The plaintiff, by Kersten & McKinnon, S.C., her attorneys, requests the following form of jury verdict herein:

Question No. 1: Was Dr. Chrzan negligent in treating Mrs. Runjo?  YES—  NO—

Question No. 2: If you have answered question no. 1 yes, then answer this question: Was such negligence a cause of injury or damage to Mrs. Runjo?  YES—  NO—

Question No. 3: Did Dr. Chrzan perform any of his surgical procedures on Mrs. Runjo without obtaining her informed consent?  YES—  NO—

Question No. 4: If you have answered question no. 3 yes, then answer this question: Was such failure to obtain informed consent a cause of injury or damage to Mrs. Runjo?
YES—  NO—

The following question should be answered only if you have answered "yes" to either question no. 2 or question No. 4.

Question No. 5: What sum of money will fairly and reasonably compensate Mrs. Runjo for:

A.  Her pain, suffering and disability?      $——
B.  Hospital and medical expenses?         $——
C.  Loss of earnings?                       $——

Over Runjo's objection, the trial court decided to direct the jury to answer the damage questions regardless of how it answered the liability questions.[3]

[3] The actual verdict submitted in this case provided:

QUESTION NO. 1

Was Dr. Chrzan negligent in treating Mrs. Runjo?

ANSWER: ___No___
Yes or No

QUESTION NO. 2

If your answer to Question No. 1 is "Yes", then answer this question: Was such negligence a cause of injury or damage to Mrs. Runjo?

ANSWER: ___N/A___
Yes or No

QUESTION NO. 3

Did Dr. Chrzan perform any of his surgical procedures on Mrs. Runjo without obtaining her informed consent?

ANSWER: ___No___
Yes or No

QUESTION NO. 4

If your answer to Question No. 3 is "Yes", then answer this question: Was such failure to obtain informed consent a cause of injury or damage to Mrs. Runjo?

ANSWER: ___N/A___
Yes or No

**YOU MUST ANSWER THE FOLLOWING QUESTION REGARDLESS OF HOW YOU HAVE ANSWERED THE PRECEEDING [sic] QUESTIONS:**

QUESTION NO. 5

598

When the trial court instructed the jury, it included the following pertinent directions:

> Certain questions in the verdict are to be answered only if you have answered a preceding question in a certain manner. Therefore, read the introductory portion of each question very carefully before you answer it. Do not needlessly answer questions.
>
> I will go over the first four questions with you. Question No. 1 says: Was Dr. Chrzan negligent in treating Ms. Runjo? A place for you to answer yes or no. Question No. 2 says: If your answer to Question No. 1 is yes, then answer this question. Was such negligence a cause of injury or damage to Ms. Runjo? And a place for you to put yes or no. You only answer No. 2 if you have answered No. 1 yes. Question No. 3 says: Did Dr. Chrzan perform any of his surgical procedures on Ms. Runjo without obtaining her informed consent? And a place for yes or no. And Number 4: If your answer to Question No. 3 is yes,

What sum of money will fairly and reasonably compensate Mrs. Runjo for:

(A) Past & future hospital and medical expenses?   $ 15,000.00

(B) Loss of earnings?   $  2,200.00

(C) Past & future pain, suffering and disability?   $ 24,500.00

Dated at Milwaukee, WI this 20 day of May, 1994.

/s/ Dennis O. Hibner
Foreperson

| Dissenting Jurors | Question Numbers |
| --- | --- |
| /s/ Donna Lohr | #3 |
| /s/ Clarence Manns | #3 |

then answer this question. Was such failure to obtain informed consent a cause of injury or damage to Ms. Runjo? And a place for yes or no. So you see, you only answer No. 4 if you answered No. 3 yes.

. . . .

If you awar[d] damages in this case, those damages are to be awarded as compensation for such impairment or damage to Ms. Runjo's condition or appearance as was a natural result of Dr. Chrzan's treatment.

After the trial court informed the jury about the duty of Dr. Chrzan as a surgeon and his duty to adequately inform a patient, the trial court further instructed the jury:

A causal relationship exists between the surgeon's negligence and failing to adequately disclose the risks and advantage of the proposed operation, and the injury and damage to the plaintiff.

If it has been proved to your satisfaction that had a reasonable person placed in the plaintiff's position that adequately informed of all the significant risks of the proposed operation, the person would not have consented to the operation.

The following are the damage questions. Number 5(a) through 5(c) set forth in the verdict. They read as follows: First there is an introductory paragraph that says, you must answer the following paragraph regardless of how you have answered the proceeding questions.

. . . .

You must answer the damage questions no matter how you answered any of the previous questions in the verdict. The amount of damages, if any, found by you should [not] in any way be influenced or affected by any of your previous answers to questions in the verdict.

. . . .

600

Question 5(c) asks what sum of money will fairly and reasonably compensate Radunka Runjo for the pain, suffering and disability sustained by Radunka Runjo as a result of the injuries. You will answer this question by inserting such a sum of money as you are satisfied will fairly and reasonably compensate Radunka Runjo for such pain and suffering . . . .

. . . .

*If you have determined that a reasonable person in Radunka Runjo's position would not have consented to the operation had the reasonable person been fully informed of the possible risks and advantages, you will insert as your answer to the damage question the amount of money which under the evidence will reasonably and fairly compensate Radunka Runjo for the injury suffered by Radunka Runjo as a result of the operation.*

(Emphasis added).

The action was tried to a jury that returned a verdict: (1) finding that Chrzan was not negligent in treating Runjo; (2) finding that Chrzan did not perform Runjo's procedures without obtaining her informed consent; (3) awarding damages to Runjo of $15,000 for past and future hospital/medical expenses, $2,200 for loss of earnings, and $24,500 for past and future pain, suffering and disability. Runjo moved to set aside the verdict and for a new trial. Her motion was denied. Judgment was entered dismissing her complaint and she now appeals.

## II.  DISCUSSION

Runjo claims she is entitled to a new trial because the jury instructions, when combined with the special verdict, were inconsistent and confusing to the jury. Runjo argues that the inconsistency and confusion

arose from the fact that the instruction, on the one hand, directed the jur, to award damages no matter how it answered the preceding liability questions and, on the other hand, directed the jury to award damages only if a reasonable person in Runjo's position would not have consented to the operation had she been fully informed. We agree that the instructions, combined with the special verdict, were inconsistent and confusing to the jury.

In response, Chrzan argues that there is no basis in the record for the proposition that the jury was misled or confused in any way as evidenced by the absence of any question directed to the trial court by the jury during deliberations. Chrzan points out that the jury instructions at issue are standard civil instructions suggested by the Wisconsin Civil Jury Instructions Committee. In addition, the verdict form is of a standard content and reflects the well-recognized policy in this state that a jury is not to be informed of the effect of its verdict. Finally, Chrzan contends, "the instructions and verdict . . . fairly address the factual issues of this case as both addressed issues of negligence and informed consent." We are not persuaded by Chrzan's arguments.

A trial court has wide discretion in framing the special verdict. *Maci v. State Farm Fire & Casualty Co.*, 105 Wis. 2d 710, 719, 314 N.W.2d 914, 919 (Ct. App. 1981). We shall not reverse unless the question does not fairly represent the material issue of fact to the jury. *Id.* Similarly, trial courts have wide discretion in deciding what instructions will be given so long as they fully and fairly inform the jury of the principles of law applied to the particular case. *D.L. v. Huebner*, 110 Wis. 2d 581, 624, 329 N.W.2d 890, 909 (1983). Still, a

trial court has the duty to present to the jury instructions "adequate to enable it to intelligently perform its function." *Haefner v. Batz Seed Farms, Inc.*, 255 Wis. 438, 440, 39 N.W.2d 386, 387 (1949). Misleading instructions and verdict questions which may cause jury confusion are a sufficient basis for a new trial. *Behning v. State Fireworks Mfg. Co.*, 57 Wis. 2d 183, 188, 203 N.W.2d 655, 658 (1973). We test the prejudicial effect of an improperly given instruction by determining whether the jury was probably misled. *D.L.*, 110 Wis. 2d at 628, 329 N.W.2d at 911.

The purpose of all judicial process is to achieve justice. In applying our well recognized procedural rubrics and standards of review, we must be ever vigilant that justice is secured and process does not become an unwelcomed impediment. The existence of exceptions in our standard form of process serves to eliminate the unwarranted and unreasonable hardships that are inflicted by procrustean application of these very same processes. Where jury instructions appear on their face inconsistent and confusing, we are required to examine the context in which the jury received the contradicting instructions to determine whether the verdict itself inspires no confidence.

The damage instructions given to the jury, both in the verdict form and as actually read to them, unquestionably directed the jury to award damages regardless of the answers it made to the liability questions. In juxtaposition, however, the jury instructions also unquestionably instructed the jury to only award damages "if you have determined that a reasonable person in Radunka Runjo's position would not have consented to the operation." Although neither instruction, in and

of itself, is an erroneous statement of the law, when juxtapositioned as they were in this case, their combination served only to mislead and confuse. The fact, however, that each instruction *alone* was not erroneous does not salvage the reversible error. *See Ackley v. Farmers Mut. Automotive Ins. Co.*, 273 Wis. 422, 425, 78 N.W.2d 744, 746 (1956) (improper instruction on a given subject is not cured by the fact that the law is correctly stated elsewhere); *see also Savina v. Wisconsin Gas Co.*, 36 Wis. 2d 694, 703, 154 N.W.2d 237, 241 (1967) ("A correct statement in another part of the instruction sometimes does not correct but only confuses the jury."). Further, Chrzan's argument that the instructions at issue are standard instructions suggested by the Wisconsin Civil Jury Instructions Committee does not alter our conclusion. Although pattern jury instructions may be persuasive authority, they are not precedential authority. *See State v. O'Neil*, 141 Wis. 2d 535, 541 n.1, 416 N.W.2d 77, 80 n.1 (Ct. App. 1987).

We conclude that the combination of these instructions, together with the instructions on the verdict, probably misled the jury and resulted in an inconsistent verdict. To the liability question of whether Dr. Chrzan had performed any surgical procedures on Runjo without obtaining her informed consent, the jury answered "no." In sequence, however, the jury was instructed to award damages only if there was a determination that a fully informed reasonable person would not have consented to the medical procedure. In other words, in contrast to the general instruction to award damages regardless of the liability answers, the jury was also instructed to award damages *only if* they found Chrzan did not obtain informed consent. The

impact on the verdict, in light of the inconsistent instructions, in effect, allowed the jury to answer "no" and "yes" to the same question. It allowed the jury to find that Chrzan did obtain informed consent in answering the liability question, but also to find that Chrzan did not obtain informed consent by awarding damages. Such a result could only have arisen from confusion.

Accordingly, we must reverse the judgment and remand for a new trial.

*By the Court.*—Judgment reversed and cause remanded.