COURT OF APPEALS
DECISION
DATED AND FILED

March 9, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2015AP1633**

STATE OF WISCONSIN

Cir. Ct. No. **2011CF3607**

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

JOSE H. REYNOSA,

      DEFENDANT-APPELLANT.

---

      APPEAL from an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed.*

      Before Brash, P.J., Dugan and White, JJ.

      **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Jose H. Reynosa appeals the order denying his WIS. STAT. § 974.06 (2017-18) motion seeking postconviction relief.[1]    We conclude that Reynosa's claims lack merit; as such, he has not made a compelling case that this court should exercise its power of discretionary reversal.  Therefore, we affirm.

## I. BACKGROUND

¶2    This is Reynosa's second appeal related to his 2012 convictions for first-degree sexual assault of a child under the age of thirteen by sexual contact and child enticement.

¶3    On direct appeal, Reynosa argued that the circuit court erroneously admitted other-acts evidence and that trial counsel was ineffective for not challenging the admission of expert testimony and for not requesting a unanimity instruction.  *See **State v. Reynosa***, No. 2013AP1780-CR, unpublished slip op. ¶1 (WI App July 10, 2014).  Some background information relevant to this appeal was set forth in our decision:

> Reynosa was charged with one count of first-degree sexual assault of a child and one count of child enticement. The complaint alleged that Reynosa had sexual contact with the minor victim on five to ten occasions, and that the victim recounted one specific occasion of Reynosa carrying her into a bedroom and engaging in penis-to-buttocks contact.
>
> On the first day of trial, Reynosa moved to exclude evidence of any uncharged sexual assaults by Reynosa against the victim outside the one specific allegation underlying the charges.  The State objected, contending that

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

the other assaults were part of the background of the case and established Reynosa's intent and planning. The circuit court determined that the other[-]acts evidence was offered for an acceptable purpose, that it was relevant, and that its probative value was not outweighed by the danger of unfair prejudice.

….

The jury returned guilty verdicts as to both charges. Reynosa moved for postconviction relief, arguing that he was denied the effective assistance of counsel at trial. Reynosa argued that his trial counsel was ineffective by failing to object to the State's expert's testimony as insufficiently reliable under WIS. STAT. § 907.02 (2011-12) and as improperly vouching for the credibility of the child victim. Reynosa argued that, had trial counsel raised those objections, the circuit court would have been required to exclude the expert testimony. Reynosa also argued that his trial counsel was ineffective by failing to demand the standard jury instruction as to unanimity. He argued that counsel's failure to request the unanimity instruction denied him his constitutional right to a unanimous verdict.

The circuit court denied Reynosa's postconviction motion without a hearing. The court explained that the State's expert was qualified to provide expert testimony under WIS. STAT. § 907.02, and that, had Reynosa's counsel demanded a **Daubert**[2] hearing, the circuit court still would have determined that the testimony was admissible.… The court also rejected Reynosa's jury instruction argument, explaining that the focus of the complaint and the jury trial was the one act of penis-to-buttocks contact; that the jury was instructed that the term "sexual contact" in this case meant Reynosa's intentional touching of the victim's buttocks; that the jury was instructed not to base its verdict on evidence of other occasions of sexual contact; and that the State clarified in closing argument that the charged offenses were based on the single act of penis-to-buttocks contact in the bedroom. Accordingly, the court denied Reynosa's claims of ineffective assistance of counsel.

---

[2] **Daubert v. Merrell Dow Pharms., Inc.**, 509 U.S. 579 (1993).

*Reynosa*, No. 2013AP1780-CR, ¶¶2-3, 5-6 (footnote numbering altered; one footnote omitted). We affirmed, *see id.*, and the Wisconsin Supreme Court denied Reynosa's petition for review.

¶4      Then, in June 2015, Reynosa, *pro se*, filed the underlying WIS. STAT. § 974.06 motion. He argued that postconviction counsel was ineffective for failing to raise the following claims, which he asserted were clearly stronger than the ones raised in his direct appeal:  (1) the evidence was insufficient to support his convictions; (2) trial counsel was ineffective for failing to raise a duplicity challenge to the sexual assault charge because multiple offenses were improperly combined into a single charge; and (3) trial counsel was ineffective for failing to object to the prosecutor's remarks referencing anal rape during her closing argument. The circuit court denied Reynosa's motion without a hearing.

¶5      Additional background information is included in the discussion section of this opinion.

## II. DISCUSSION

¶6      Reynosa renews his claims based on postconviction counsel's ineffectiveness. Alternatively, Reynosa asserts that discretionary reversal under WIS. STAT. § 752.35 is warranted because the real controversy has not been fully tried.

¶7      Absent a sufficient reason, a defendant is procedurally barred from raising claims in a WIS. STAT. § 974.06 postconviction motion that could have been raised in a prior postconviction motion or appeal. *See* § 974.06(4); *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82, 184-86, 517 N.W.2d 157 (1994). Whether a § 974.06 motion alleges the requisite sufficient reason for failing to

bring available claims earlier is a question of law that this court independently reviews. *See State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

¶8    "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *Id.*, ¶36.  To make such a showing, a WIS. STAT. § 974.06 motion must do more than assert a failure to challenge aspects of trial counsel's representation; the motion must allege that postconviction counsel was deficient and that the deficient performance prejudiced the defendant.  *State v. Balliette*, 2011 WI 79, ¶63, 336 Wis. 2d 358, 805 N.W.2d 334.  As part of showing deficient performance, "a defendant who alleges in a § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought." *Romero-Georgana*, 360 Wis. 2d 522, ¶¶4, 45-46.

¶9    We will address each of Reynosa's claims in turn.

### (1) *The evidence was sufficient to support Reynosa's convictions.*

¶10    Reynosa continues to argue that postconviction counsel was ineffective for not arguing that the evidence was insufficient for a jury to find him guilty on each of the charges of which he was convicted.   Reynosa has a significant hurdle to overcome given that "our review of the [jury]'s findings is highly deferential." *See State v. Rowan*, 2012 WI 60, ¶26, 341 Wis. 2d 281, 814 N.W.2d 854.  We will sustain a conviction unless the evidence is so insufficient "that it can be said as a matter of law that no trier of fact, acting reasonably, could

have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990).

¶11    Reynosa's primary challenge is to his conviction for first-degree sexual assault of a child by sexual contact. Pursuant to WIS. STAT. § 948.02(1)(e) (2011-12), "[w]hoever has sexual contact with a person who has not attained the age of 13 years is guilty of a Class B felony." WISCONSIN STAT. § 948.01(5) (2011-12) defined "[s]exual contact," as relevant here, as "[i]ntentional touching by the defendant … by the use of any body part … of the complainant's intimate parts" for the purpose of sexually arousing or gratifying the defendant.

¶12    Reynosa seems to argue that the victim's testimony was sufficient to prove only penis-to-anus intercourse, not sexual contact by Reynosa touching her buttocks. He contends that the State never proved that he touched the victim's buttocks during the assault, which left the jury to speculate that such touching occurred. In making this argument, Reynosa overlooks that "sexual intercourse most certainly involves sexual contact." *See State v. Dodson*, 219 Wis. 2d 65, 79, 580 N.W.2d 181 (1998).

¶13    The victim, who was eight years old at the time of the assault, testified that Reynosa placed her face down on the bed, removed her pants and underwear along with his own, and "la[id] on top" of her. The victim further testified that Reynosa's "front privacy" was touching the "middle" of her "butt" and she felt wetness. From this, a jury could reasonably conclude that Reynosa intentionally touched the victim's buttocks for sexual purposes with a part of his body.

¶14    Reynosa additionally takes issue with the sufficiency of the evidence to support his conviction for child enticement. As relevant for purposes of this

appeal, WIS. STAT. § 948.07(1) (2011-12) provides: "Whoever, with intent to [have sexual contact], causes or attempts to cause any child … to go into any … room or secluded place is guilty of a Class D felony[.]"

¶15     According to Reynosa, the evidence at trial was insufficient to support the charge because it did not establish that he caused the victim to go into a room. The victim, however, testified that Reynosa put her over his shoulder and took her into his bedroom where he proceeded to assault her. Reynosa also seems to argue that the evidence supported a charge that he intended to have sexual intercourse with the victim, not sexual contact. As previously discussed, however, the evidence was sufficient to show that Reynosa assaulted the victim by sexual contact. As such, the evidence was sufficient to support Reynosa's conviction for child enticement.

¶16     Reynosa's sufficiency-of-the-evidence claim is not clearly stronger than the ones he previously raised.

**(2) *The charges were not duplicitous.***

¶17     Next, Reynosa argues that postconviction counsel was ineffective for not arguing that trial counsel was ineffective for failing to raise a duplicity challenge to the sexual assault charge on the basis that multiple offenses were improperly combined into a single charge resulting in what he describes as "a patchwork verdict" where the jury was allowed to convict on either touching or intercourse.

¶18     "Duplicity is the joining in a single count of two or more separate offenses." *State v. Lomagro*, 113 Wis. 2d 582, 586, 335 N.W.2d 583 (1983). However, "[s]eparately chargeable offenses, 'when committed by the same person

at substantially the same time and relating to one continued transaction, may be coupled in one count as constituting but one offense' without violating the rule against duplicity." *Id.* at 587 (citation omitted). Although Reynosa raises a number of objections to the complaint on grounds of duplicity, we are not convinced that any of the purposes of the prohibition against duplicity are implicated here. *See id.* at 586-87 (explaining that the purposes of the prohibition are (1) to assure the defendant has sufficient notice of the charge; (2) to protect against double jeopardy; (3) to avoid prejudice and confusion arising from evidentiary rulings during trial; (4) to assure the defendant is appropriately sentenced for the crime charged; and (5) to guarantee jury unanimity).

¶19 First, Reynosa contends that because the complaint described multiple incidents of sexual conduct, he was denied the right to adequate notice of the charge to be defended and ultimately "was attacked with allegations of anal intercourse, with blood and pain." Here, while the complaint referenced multiple assaults, it described only one in detail. Specifically, the complaint alleged facts that Reynosa assaulted the victim by means of sexual contact and sexual intercourse in a single, continuous incident. Trial counsel understood the complaint to charge this incident given that he moved the circuit court—prior to trial—to exclude evidence of the uncharged assaults referenced in the complaint.

¶20 Reynosa additionally argues that "evidentiary rulings favored the duplicitous complaint" insofar as it allowed for the admission of evidence related to anal intercourse. However, the jury instructions provided that the jury was to determine whether Reynosa had sexual contact with the victim by touching her buttocks. The circuit court additionally instructed the jury that evidence of other incidents were to be used only for "context or background … to provide a more complete presentation of the evidence related to the offenses charged."

¶21    Lastly, in terms of sentencing, Reynosa highlights the circuit court's remark that what the victim testified to "was more than contact." The circuit court, however, went on to state that "it doesn't matter to me in terms of my sentencing" whether penetration occurred. Reynosa was not inappropriately sentenced.

¶22    The charge of sexual assault of a child under the age of thirteen by sexual contact was not duplicitous. Consequently, this claim is not clearly stronger than the ones he previously raised.

¶23    Reynosa goes on to assert that even if trial counsel was not ineffective for failing to challenge the complaint based on duplicity, he should have requested a unanimity instruction. Reynosa, however, previously argued on appeal that he was denied the effective assistance of trial counsel because trial counsel did not request a unanimity instruction. *Reynosa*, No. 2013AP1780-CR, ¶1. We analyzed the issue and concluded that even assuming trial counsel was deficient in this regard, Reynosa had not established that he was prejudiced by the error. *Id.*, ¶22. To the extent he is attempting to do so, Reynosa is foreclosed from relitigating this matter. *See State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) (holding that a matter already litigated cannot be relitigated in subsequent postconviction proceedings "no matter how artfully the defendant may rephrase the issue").

### (3) *The prosecutor's closing remarks were not improper.*

¶24    Next, Reynosa asserts that postconviction counsel was ineffective for not arguing that trial counsel was ineffective for failing to object to the prosecutor's remarks referencing anal rape during her closing argument. The prosecutor detailed the victim's testimony before stating: "Ladies and gentlemen,

what is the reasonable conclusion? The most reasonable, obvious[] and logical conclusion is that this defendant essentially, for all intents and purposes, raped this child, and he anally raped her." Because only one incident of touching was needed to secure a conviction, Reynosa contends that the prosecutor's remarks were "presented to pile on and inflame."

¶25 "Counsel is allowed considerable latitude in closing arguments[.]" *State v. Burns*, 2011 WI 22, ¶48, 332 Wis. 2d 730, 798 N.W.2d 166. For example, a prosecutor may "comment on the evidence, detail the evidence, argue from it to a conclusion, and state that the evidence convinces him or her and should convince the jurors." *State v. Cameron*, 2016 WI App 54, ¶19, 370 Wis. 2d 661, 885 N.W.2d 611 (citation omitted). However, "'where the prosecutor goes beyond reasoning from the evidence to a conclusion of guilt and instead suggests that the jury arrive at a verdict by considering factors other than the evidence,' the statements are impermissible." *State v. Jorgensen*, 2008 WI 60, ¶40, 310 Wis. 2d 138, 754 N.W.2d 77 (citations and one set of quotation marks omitted).

¶26 The victim testified in detail about feeling something "in the middle of [her butt]," sensing Reynosa "moving up and down" on her, feeling wetness "on her butt," and noticing blood when she cleaned off the wetness. The prosecutor's remarks were based on the severity of the victim's allegations and were not improper.

¶27 This claim, like the ones we have already addressed, has no merit and is not clearly stronger than the ones previously raised.[3] Postconviction counsel, accordingly, was not ineffective for failing to raise them. It follows that discretionary reversal pursuant to WIS. STAT. § 752.35, which "should be granted only in exceptional cases," is not warranted here. *See* ***State v. McKellips***, 2016 WI 51, ¶30, 369 Wis. 2d 437, 881 N.W.2d 258 (citation omitted).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] While we have considered all of the arguments in the briefs, we only discuss those that are necessary to our decision. *See* ***State v. Waste Mgmt. of Wis., Inc.***, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").